IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS RENE QUINTANA HERNANDEZ,

               Plaintiff,

vs.                                Civ. No. 17-830 JCH/LF

MARTHA CATALINA GARCIA OCHOA,

               Defendant.

## MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER

This matter is before the Court on *Plaintiff's Ex Parte Motion Under the Hague Convention for Entry of a TRO . . . and Federal Rule 65(b) Certificate of Counsel* [Doc. 3]. As the title implies, the Plaintiff filed the motion *ex parte*; he has not yet served the Defendant. For the reasons explained below, the Court will grant the motion and enter a temporary restraining order preventing the Defendant, Martha Catalina Garcia Ochoa ("Ochoa") from causing or permitting the Child at issue from leaving the District of New Mexico while the temporary restraining order is in effect.

## FACTUAL AND PROCEDURAL BACKGROUND

Based on the facts alleged in the Verified Complaint [Doc. 1], which the Court accepts as true for the purposes of this motion only, the Court finds that Plaintiff Luis Rene Quintana Hernandez ("Hernandez") and Ochoa were married in Mexico on May 15, 2009. [Doc. 1-6] On November 1, 2009, Ms. Ochoa gave birth to the Child at issue in this case in Mexico. [Doc. 1-3]. Mr. Hernandez and Ms. Ochoa entered into a "Voluntary Agreement of Divorce" on November 13, 2015. [Doc. 1-2 at 11 of 17] A Final Decree was entered and is dated December 1, 2015.

[Doc. 1-2 at 10 of 17]. According to the Final Decree and the Voluntary Agreement of Divorce the parties agreed to shared custody of the Child in which the Mr. Hernandez has the Child every weekend from Friday at 1:00 p.m. to Sunday at 8:00 p.m. [Doc. 1-2 at 12 of 17]. The Agreement further provides that "the weekly schedule" for visitations "shall be strictly followed." [*Id.*]

On or about November 23, 2015, Ms. Ochoa informed Mr. Hernandez that she wanted to spend Thanksgiving with her daughters, from a previous marriage, in Albuquerque, New Mexico, and she wanted to take the Child with her. [Doc. 1-1 at 13 of 17]. Ms. Ochoa informed Mr. Hernandez that she and the Child would be returning to Mexico on November 30, 2015. [*Id.*]. With this understanding, Mr. Hernandez submitted a Form I-94 (Arrival/Departure Record) for the Child to temporarily travel to the United States with a return date of November 30, 2015. [*Id.*]

On November 30, 2015, Mr. Hernandez filed a criminal complaint against Ms. Ochoa for her "unlawful removal from the country or abduction" of the Child. [Doc. 1-5 at 5 of 8]. In the Complaint Mr. Hernandez states that on November 28, 2015, he went for visitation with his son as the parties had agreed in their Voluntary Agreement of Divorce entered on November 13, 2015. [*Id.*] Mr. Hernandez was informed by his bother-in-law that Ms. Ochoa had "decided not to return to the country [Mexico] and to prevent our son … from returning to the country [Mexico]". [*Id.*] Further, Mr. Hernandez averred that his brother-in-law informed him that Ms. Ochoa had "disposed of most of the home furniture, she sold it in order to leave the country, without intending to return and unlawfully abducting our son," [*Id.*] Mr. Hernandez provided the police with the above-referenced facts under penalty of "imprisonment of six months to six years". [*Id.* at 6 of 8]

In both the criminal complaint and his Verified Complaint, Hernandez avers that without his consent or agreement, Ochoa continues to wrongfully retain the Child in the United States—specifically, in Albuquerque, New Mexico. [Doc. 1 at 1, 2, 6 of 11]. He asks for an ex parte TRO prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing the merits of the Verified Complaint.

## **LEGAL STANDARDS**

### I. Temporary Restraining Order

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that the Court may grant a temporary restraining order (TRO) without notice to the other side only when (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." An *ex parte* TRO has a limited life: Rule 65(b)(2) provides that a TRO may not extend beyond 14 days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Further, "[i]f the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." Rule 65(b)(3). Finally, a TRO must state the reasons why it issued, state its terms specifically, and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required. Rule 65(d)(1).

In order for a party to be entitled to a temporary restraining order or a preliminary injunction, that party must show "(1) he or she will suffer irreparable injury unless the injunction

issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)) (alterations omitted).

## II. The Hague Convention

The purpose of the Hague Convention, T.I.A.S. No. 11670, 1988 WL 41150, as well as its corresponding United States law, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 *et seq.*, is to "deter parents who are dissatisfied with current custodial arrangements from abducting their children and seeking a more favorable custody ruling in another country." *Navani v. Shahani*, 496 F.3d 1121, 1124 (10th Cir. 2007).

In order to obtain relief under his Complaint, an ICARA plaintiff such as Hernandez must show by a preponderance of evidence that 1) the Child was a habitual resident of Mexico at the time he/she was abducted by Defendant, 2) the abduction was in breach of Plaintiff's custody rights under Mexican law, and 3) Plaintiff was exercising his custody rights at the time the Child was abducted. *Shealy v. Shealy*, 295 F.3d 1117, 1122 (10th Cir. 2002); 22 U.S.C. § 9003(e)(1)(A).

## DISCUSSION

After considering the evidence in the record, the Court concludes it is sufficient to show that Hernandez is entitled to a temporary restraining order.

## I. Likelihood of Success on the Merits

In order to obtain relief under his Verified Complaint, Hernandez must show by a preponderance of evidence that the Child was a habitual resident of Mexico at the time he was

abducted by Ochoa, 2) the abduction was in breach of Hernandez's custody rights under Mexican law, and 3) Hernandez was exercising his custody rights at the time the Child was abducted. *Shealy v. Shealy*, 295 F.3d 1117, 1122 (10th Cir. 2002); 22 U.S.C. § 9003(e)(1)(A).

The evidence presented for purposes of this TRO shows that the Child was a habitual resident of Mexico, at the time of his abduction. Further, the evidence demonstrates that the parties were in agreement that Hernandez has custodial rights under Mexican law, and that he had made a decision to have a meaningful role in the Child's life. Thus, it appears that at the time of the abduction, Hernandez had custody rights under Mexican law. Further, there is no evidence that Hernandez failed to exercise those custody rights or otherwise abandoned the Child. To the contrary, the evidence in the record shows that it was through an attempt to exercise those rights that Hernandez discovered that Ochoa had taken the Child to the United States, and that he notified Mexican authorities immediately.

Thus, the Court concludes that Hernandez has demonstrated a likelihood of success on the merits.

## II. Irreparable Harm

Hernandez argues that in light of the fact that Ochoa has already abducted the Child, moved him to Albuquerque, New Mexico, and has prevented him from exercising his parental rights, there is a substantial likelihood that if the Court does not restrain her from leaving the District of New Mexico or causing the Child from leaving the District of New Mexico, she will further secret the child in violation of the Hague Convention. The irreparable harm to the Child and to Hernandez would stem from Hernandez's inability to then locate Ochoa and the Child in an effort to enforce his parental rights. The Court agrees that there is a substantial risk that Ochoa

will refuse to appear before the Court to prevent her own return to Mexico with the Child, and that this would result in irreparable harm to both Hernandez and the Child.

### III. Comparative Weight of Harms

As Ochoa and the Child are already residing in Albuquerque, New Mexico, there is little to no injury to either of them that will result from a TRO requiring them to remain in place. In contrast, the threatened injury to the Child and Hernandez if Ochoa flees with the Child is substantial, and therefore outweighs whatever damage the proposed TRO may cause the Ochoa.

### IV. Public Interest

The injunction, if issued, would not be adverse to the public interest. Rather, the public interest is in favor of having the merits of Hernandez's ICARA claim litigated in a court of law as soon as possible.

In light of the foregoing, the Court concludes that Plaintiffs motion for TRO should be granted.

### V. Security

Based on the record before the Court, the court finds that the grant of the Temporary Restraining Order does not alter the status quo, pending the hearing for Preliminary Injunction. It appears the defendant will not suffer any costs and/or damages in the event the Court determines the defendant was wrongfully restrained (see Rule 65(c)). Therefore, no security will be required at this time.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Ex Parte Motion Under the Hague Convention for Entry of a TRO . . . and Federal Rule 65(b) Certificate of Counsel* [Doc. 3] is hereby **GRANTED**.

(2) Plaintiff must serve Defendant with copies of all documents entered on the docket in this case, including this *Memorandum Opinion and Temporary Restraining Order*, no later than **Monday, August 21, 2017.**

(3) Ms. Ochoa is hereby prohibited from removing the Child from the jurisdiction of this Court pending a hearing on the merits of the Verified Complaint, and no person acting in concert or participating with Ms. Ochoa, shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of this Mr. Hernandez's Verified Complaint.

(4) A preliminary injunction hearing on the merits of the Verified Petition is hereby scheduled to be held on Thursday, August 24, 2017 at 10:00 a.m. in the Mimbres Courtroom, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico.

(5) Ms. Ochoa is hereby directed to show cause at the hearing scheduled in paragraph (4) above why the Child should not be returned to Mexico, accompanied by Mr. Hernandez, where an appropriate police investigation and custody determination can be made under Mexican law, and why the other relief requested in the Verified Complaint should not be granted.

(6) The Court hereby orders that the trial of this action on the merits will advanced and consolidated with the preliminary injunction hearing scheduled in paragraph (3) above.

_____
**UNITED STATES DISTRICT JUDGE**

Issued on August 17, 2017 at 2:57 p.m.